UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------- x

ESTATE OF CHARLES T. CLOSE,                          :
                                                     :
                          Plaintiff,                 :
                                                     :
              -against-                               :        1:22-cv-07449 (RA)
                                                     :
CIGNA HEALTH AND LIFE INSURANCE,                     :
CORPORATION,                                          :
                          Defendant.                 :
----------------------------------------------------------- x

## DEFENDANT'S AMENDED ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

Defendant, Cigna Health and Life Insurance Company, sued here as Cigna Health and Life Insurance Corporation ("Cigna" or "Defendant"), pursuant to this Court's Order of December 5, 2022,[1] hereby responds to the allegations in Plaintiff's Complaint, and further asserts affirmative defenses as follows:

## PRELIMINARY ALLEGATIONS

### JURISDICTION

1.     The allegations in paragraph 1 of the Complaint constitute conclusions of law as to which no response is required. Cigna admits only that Plaintiff brings this action pursuant to ERISA. Cigna denies that Plaintiff is entitled to the relief sought.

2.     The allegations in paragraph 2 of the Complaint constitute conclusions of law as to which no response is required.  Cigna admits only that the Court has subject matter jurisdiction over Plaintiff's ERISA claim.

---

[1] The Court's December 5, 2022 Order provides that "No amendments to the pleadings may be made after February 28, 2023 without leave of Court." Dkt. No. 23.

3.      The allegations in paragraph 3 of the Complaint constitute conclusions of law as to which no response is required. Cigna admits only that Plaintiff brings this action to recover benefits pursuant to ERISA.  Cigna denies that Plaintiff is entitled to the relief sought.

4.      The allegations in paragraph 4 of the Complaint constitute conclusions of law as to which no response is required. Cigna admits only that Plaintiff brings this action to recover benefits pursuant to ERISA.  Cigna denies that Plaintiff is entitled to the relief sought.

## VENUE

5.      The allegations in paragraph 5 of the Complaint constitute conclusions of law as to which no response is required.  Cigna admits only that venue is proper in this District.

## PARTIES

6.      Denied as stated.  By way of further response, Defendant admits that Charles T. Close ("Close") was a participant in The Pace Gallery LLC Open Access Medical Benefits Retiree Plan

7.      Defendant denies the allegations in paragraph 7 of the Complaint.  By way of further response, Defendant admits that The Pace Gallery LLC Open Access Medical Benefits Retiree Plan is an employee welfare benefit plan within the meaning of ERISA.  Defendant denies that it was the Plan Administrator.

8.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint, and therefore leaves Plaintiff to its proof.

9.      Defendant denies the allegations in paragraph 9 of the Complaint as alleged, and respectfully refers to the governing Plan documents for the terms, conditions, limitations and exclusions set forth therein.

**FACTS**

*Summary of the Facts*

10.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint, and therefore leaves Plaintiff to its proof.

11.     Defendant's knowledge of Close's medical and treatment history is limited to the records that it had access to during the course of its review of Close's benefits claims; Defendant respectfully refers the Court to the complete administrative record pertaining to Close's claims kept and maintained by Cigna in the regular course and scope of its business for the information accessible to Cigna at the time of its benefits determinations and otherwise denies the allegations in paragraph 11 of the Complaint based on lack of firsthand knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore leaves Plaintiff to its proof.

12.     Defendant's knowledge of Close's medical and treatment history is limited to the records that it had access to during the course of its review of Close's benefits claims; Defendant respectfully refers the Court to the complete administrative record pertaining to Close's claims kept and maintained by Cigna in the regular course and scope of its business for the information accessible to Cigna at the time of its benefits determinations and otherwise denies the allegations in paragraph 12 of the Complaint based on lack of firsthand knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore leaves Plaintiff to its proof.

13.     Defendant's knowledge of Close's medical and treatment history is limited to the records that it had access to during the course of its review of Close's benefits claims; Defendant respectfully refers the Court to the complete administrative record pertaining to Close's claims kept and maintained by Cigna in the regular course and scope of its business for the information accessible to Cigna at the time of its benefits determinations and otherwise denies the allegations

in paragraph 13 of the Complaint based on lack of firsthand knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore leaves Plaintiff to its proof.

14.     Defendant's knowledge of Close's medical and treatment history is limited to the records that it had access to during the course of its review of Close's benefits claims; Defendant respectfully refers the Court to the complete administrative record pertaining to Close's claims kept and maintained by Cigna in the regular course and scope of its business for the information accessible to Cigna at the time of its benefits determinations and otherwise denies the allegations in paragraph 14 of the Complaint based on lack of firsthand knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore leaves Plaintiff to its proof.

15.     Defendant's knowledge of Close's medical and treatment history is limited to the records that it had access to during the course of its review of Close's benefits claims; Defendant respectfully refers the Court to the complete administrative record pertaining to Close's claims kept and maintained by Cigna in the regular course and scope of its business for the information accessible to Cigna at the time of its benefits determinations and otherwise denies the allegations in paragraph 15 of the Complaint based on lack of firsthand knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore leaves Plaintiff to its proof.

16.     Defendant's knowledge of Close's medical and treatment history is limited to the records that it had access to during the course of its review of Close's benefits claims; Defendant respectfully refers the Court to the complete administrative record pertaining to Close's claims kept and maintained by Cigna in the regular course and scope of its business for the information accessible to Cigna at the time of its benefits determinations and otherwise denies the allegations in paragraph 16 of the Complaint based on lack of firsthand knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore leaves Plaintiff to its proof.

17.     Defendant's knowledge of Close's medical and treatment history is limited to the records that it had access to during the course of its review of Close's benefits claims; Defendant respectfully refers the Court to the complete administrative record pertaining to Close's claims kept and maintained by Cigna in the regular course and scope of its business for the information accessible to Cigna at the time of its benefits determinations and otherwise denies the allegations in paragraph 17 of the Complaint based on lack of firsthand knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore leaves Plaintiff to its proof.

18.     Defendant's knowledge of Close's medical and treatment history is limited to the records that it had access to during the course of its review of Close's benefits claims; Defendant respectfully refers the Court to the complete administrative record pertaining to Close's claims kept and maintained by Cigna in the regular course and scope of its business for the information accessible to Cigna at the time of its benefits determinations and otherwise denies the allegations in paragraph 18 of the Complaint based on lack of firsthand knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore leaves Plaintiff to its proof.

19.     Defendant's knowledge of Close's medical and treatment history is limited to the records that it had access to during the course of its review of Close's benefits claims; Defendant respectfully refers the Court to the complete administrative record pertaining to Close's claims kept and maintained by Cigna in the regular course and scope of its business for the information accessible to Cigna at the time of its benefits determinations and otherwise denies the allegations in paragraph 19 of the Complaint based on lack of firsthand knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore leaves Plaintiff to its proof.

20.     Defendant denies the allegations in paragraph 20 of the Complaint as alleged, but admits that Close participated in the Plan, subject to its eligibility terms and conditions.

21.     Defendant denies the allegations in paragraph 21 of the Complaint.

22.     Defendant denies the allegations in paragraph 22 of the Complaint as alleged, and respectfully refers the Court to the complete administrative record pertaining to Close's claims kept and maintained by Cigna in the regular course and scope of its business.

23.     Defendant denies the allegations in paragraph 23 of the Complaint as alleged, and respectfully refers the Court to the complete administrative record pertaining to Close's claims kept and maintained by Cigna in the regular course and scope of its business.

24.     Defendant denies the allegations in paragraph 24 of the Complaint.

25.     Defendant admits that Plaintiff provided a schedule of claims during the litigation. Defendant denies the remaining allegations in paragraph 25 of the Complaint and denies Plaintiff is entitled to additional reimbursement on any such claims.

### *The Cigna Policy*

26.     Defendant denies the allegations in paragraph 26 of the Complaint as alleged, and respectfully refers to the governing Plan documents for the terms, conditions, limitations and exclusions set forth therein.

27.     Defendant denies the allegations in paragraph 27 of the Complaint as alleged, and respectfully refers to the governing Plan documents for the terms, conditions, limitations and exclusions set forth therein.

### *Reimbursement Dispute and Exhaustion of Administrative Remedies*

28.     Defendant denies the allegations in paragraph 28 of the Complaint as alleged, and respectfully refers the Court to the complete administrative record pertaining to Close's claims kept and maintained by Cigna in the regular course and scope of its business.

29.     Defendant denies the allegations in paragraph 29 of the Complaint as alleged, and respectfully refers the Court to the complete administrative record pertaining to Close's claims kept and maintained by Cigna in the regular course and scope of its business.

30.     Defendant denies the allegations in paragraph 30 of the Complaint as alleged, and respectfully refers the Court to the complete administrative record pertaining to Close's claims kept and maintained by Cigna in the regular course and scope of its business, and to the governing Plan documents for the terms, conditions, limitations and exclusions set forth therein.

31.     Defendant denies the allegations in paragraph 31 of the Complaint as alleged, and respectfully refers the Court to the complete administrative record pertaining to Close's claims kept and maintained by Cigna in the regular course and scope of its business, and to the governing Plan documents for the terms, conditions, limitations and exclusions set forth therein.

32.     Defendant denies the allegations in paragraph 32 of the Complaint as alleged, and respectfully refers the Court to the complete administrative record pertaining to Close's claims kept and maintained by Cigna in the regular course and scope of its business, and to the governing Plan documents for the terms, conditions, limitations and exclusions set forth therein.

33.     The allegations in paragraph 33 of the Complaint constitute conclusions of law as to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in paragraph 33 of the Complaint.

34.     Defendant denies the allegations in paragraph 34 of the Complaint as alleged, and respectfully refers the Court to the complete administrative record pertaining to Close's claims kept and maintained by Cigna in the regular course and scope of its business.

35.     Defendant denies the allegations in paragraph 35 of the Complaint.

36.     Defendant denies the allegations in paragraph 36 of the Complaint.

## Claim for Benefits Against Cigna Pursuant to ERISA §502(a)(1)(B)

37.     Defendant incorporates by reference the preceding paragraphs 1-36 as if fully set forth herein.

38.     The allegations set forth in paragraph 38 of the Amended Complaint constitute conclusions of law as to which no response is required. By way of further response, Defendant denies that the allegations set forth in paragraph 38 of the Complaint are a complete and accurate statement of ERISA.  To the extent that the allegations set forth in paragraph 38 are interpreted to include any factual allegations, Defendant denies them.

39.     Defendant admits only that Close was a participant in the Plan. Defendant denies the allegations in paragraph 39 of the Complaint as alleged, and respectfully refers to the governing Plan documents for the terms, conditions, limitations and exclusions set forth therein.

40.     Defendant denies the allegations in paragraph 40 of the Complaint.

41.     Defendant denies the allegations in paragraph 41 of the Complaint as alleged, and respectfully refers to the governing Plan documents for the terms, conditions, limitations and exclusions set forth therein.

42.     Defendant denies the allegations in paragraph 42 of the Complaint.

43.     Defendant denies the allegations in paragraph 43 of the Complaint as alleged, and respectfully refers to the governing Plan documents for the terms, conditions, limitations and exclusions set forth therein.

44.     The allegations in paragraph 44 of the Complaint constitute conclusions of law as to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in paragraph 44 of the Complaint.

8

45.     The allegations in paragraph 45 of the Complaint constitute conclusions of law as to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in paragraph 45 of the Complaint, and respectfully refers to the governing Plan documents for the terms, conditions, limitations and exclusions set forth therein.

46.     Defendant denies the allegations in paragraph 46 of the Complaint as alleged, and respectfully refers the Court to the complete administrative record pertaining to Close's claims kept and maintained by Cigna in the regular course and scope of its business, and to the governing Plan documents for the terms, conditions, limitations and exclusions set forth therein.

47.     The allegations in paragraph 47 of the Complaint constitute conclusions of law as to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in paragraph 47 of the Complaint, and respectfully refers to the governing Plan documents for the terms, conditions, limitations and exclusions set forth therein.

48.     Defendant denies the allegations in paragraph 48 of the Complaint as alleged, and respectfully refers the Court to the complete administrative record pertaining to Close's claims kept and maintained by Cigna in the regular course and scope of its business, and to the governing Plan documents for the terms, conditions, limitations and exclusions set forth therein.

49.     Defendant denies the allegations in paragraph 49 of the Complaint.

50.     Defendant denies the allegations in paragraph 50 of the Complaint.

51.     The allegations in paragraph 51 of the Complaint constitute conclusions of law as to which no response is required. Cigna admits only that Plaintiff brings this action pursuant to ERISA. Cigna denies that Plaintiff is entitled to the relief sought.

## Prayer for Relief

As to the section of the Complaint beginning "WHEREFORE" located on page 7 of the Complaint, this section merely contains statements of the nature of relief Plaintiffs seek, and no

answer is required. To the extent that a response may be necessary, Defendant denies that Plaintiff has any basis for or entitlement to any of the relief requested.

Any other allegations of the Complaint that are not specifically admitted herein are denied.

## DEFENSES

For its defenses, Defendant alleges, without assuming any burden of proof that would otherwise rest on Plaintiff, as follows:

### FIRST DEFENSE

Plaintiff's claims, in whole or in part, fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff has failed to exhaust administrative remedies regarding its claims.

### THIRD DEFENSE

Cigna complied with and performed all of its obligations and duties under the Plan, and the handling of all claims at issue complied with all applicable laws and regulations.

### FOURTH DEFENSE

Plaintiff seeks payment for services that were not medically necessary and/or not covered under the terms of the Plan.

### FIFTH DEFENSE

Plaintiff's claims are barred for failure to comply with the terms and conditions of the Plan.

### SIXTH DEFENSE

Plaintiff's claims are limited in this action to a review by this Court, without any jury, of the Administrative Record pertaining to the claims, including the Plan, so as to determine whether Defendant's determinations were arbitrary and capricious, and/or an abuse of discretion, and/or incorrect.

**SEVENTH DEFENSE**

Because the Plan affords Cigna the discretion and authority to interpret and apply Plan terms and to make factual determinations in connection with its review of claims under the Plan, including, but not limited to, determinations related to eligibility and entitlement to benefits, the Court should apply an arbitrary and capricious standard of review in reviewing claim decisions. Defendant's decisions and actions claim were neither arbitrary nor capricious but were correct, legitimate, and reasonable.

**EIGHTH DEFENSE**

Defendant's interpretation of the Plan was reasonable and its claim determination was supported by substantial evidence.

**NINTH DEFENSE**

Cigna is not the Plan Administrator under the Plan.

**TENTH DEFENSE**

To the extent Plaintiff seeks remedies not provided for under ERISA, those claims and remedies are preempted by ERISA.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred by unclean hands.

**TWELFTH DEFENSE**

Plaintiff has no claim for payment of attorney's fees under ERISA because Defendant's handling of the claims was reasonable and all actions were taken in good faith.

**THIRTEENTH DEFENSE**

Defendant's decisions and actions with respect to the claims at issue were based on the information before them at the time. To the extent Plaintiff's Complaint impermissibly attempts

to inject facts, issues and materials into this case that were not part of the Administrative Records before Defendant, such facts, issues and materials are not admissible in this proceeding and must be stricken.

### FOURTEENTH DEFENSE

While Defendant denies that Plaintiff is eligible for any additional benefits under the Plan, should Plaintiff recover any benefits, such benefits are subject to all of the applicable terms, conditions, exclusions, overpayment recovery, and offset provisions provided for in the Plan.

### FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, on the grounds that Defendant has discharged its obligations to Plaintiff and/or under the Plan.

### SIXTEENTH DEFENSE

Any damages Plaintiff suffered are a result of its own intentional, reckless and/or negligent conduct.

### SEVENTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because of Plaintiff's failure to mitigate its damages.

**EIGHTEENTH DEFENSE**

Some of all of Plaintiff's claims are untimely pursuant to the terms of the Plan.

**NINETEENTH DEFENSE**

Plaintiff's claims are barred or limited, in whole or in part, to the extent Decedent's providers waived, forgave and/or failed to collect any required cost-sharing, including deductibles, copayments and/or co-insurance.

Defendant reserves the right to rely upon such other and further affirmative defenses as may be supported by the facts as the case progresses.

## **DEFENDANT'S COUNTERCLAIM**

Defendant Cigna Health and Life Insurance Company ("Cigna"), for its counterclaim against Counterclaim Defendant Estate of Charles T. Close ("Close Estate"), by its co-executrices, Dr. Georgia Close and Ms. Maggie Close, in this action, alleges as follows:

1.      The Pace Gallery LLC Open Access Plus Medical Benefits Plan (the "Plan") is fully insured pursuant to a Group Policy of insurance (#3334251-OAPR) issued by Cigna.

2.      The Plan delegates to Cigna the discretionary authority to interpret and apply plan terms and to make factual determinations in connection with its review of claims under the plan, including but not limited to, the determination of whether a person is entitled to benefits under the Plan, and the computation of any and all benefit payments.

3.      Charles T. Close ("Decedent") was insured under the Plan at all times relevant hereto.

### **Cigna's SIU Investigation and Overpayment Findings**

4.      In 2017, Cigna's Special Investigations Unit ("SIU") began a post-payment review

13

of claims submitted by or on behalf of Decedent for various services rendered in order to ensure appropriate billing practices and to confirm whether Cigna had been billed appropriately for medically necessary, covered services.

5.     As part of that review, Cigna requested medical records for the services provided, and reviewed data and corresponding medical documentation, if any, for approximately 1,000 claim lines.

6.     Cigna's review revealed a consistent improper billing pattern by Decedent (or his agents), wherein he submitted bills to Cigna for skilled nursing care despite the fact that the services were custodial in nature.

7.     Of the 1,000 claim lines reviewed, none of them were determined to be supported by the medical documentation submitted on behalf of Decedent, in that there were no medical records submitted to support the claims for home health services.

8.     Cigna further determined that for claims for purported home health care, Decedent (or his agents) had not submitted orders and/or treatment plans from Decedent's treating physicians, as required by the Plan, nor was there any information documenting the licensed home health care agency, if any, providing care to Decedent.

9.     Moreover, Cigna determined that many claims were for custodial services, which are expressly excluded from coverage by the Plan, which excludes "assistance in the activities of daily living, including but not limited to eating, bathing, dressing or other Custodial Services or self-care activities, homemaker services and services primarily for rest, domiciliary or convalescent care."

10.    The Plan expressly provides that when an overpayment has been made, Cigna will have the right at any time to recover that overpayment from the person to whom or on whose behalf

14

it was made, or to offset the amount of that overpayment from a future claim payment.

11.     On or about November 9, 2018, Cigna notified Decedent that he had been improperly over-reimbursed for services that did not qualify for reimbursement pursuant to the Plan, in the amount of $357,683.98.

12.     As a result of the foregoing findings, Cigna also placed a flag on Decedent's Cigna ID number, pursuant to which Decedent (or his agents) would be required to provide medical records in support of claims prior to payment approval, and which would ensure that any claims submitted for direct reimbursement would be reviewed for accuracy prior to payment.

13.     Decedent's agents and/or representatives submitted additional documentation in or about February 2019.

14.     Cigna reviewed the information submitted and again determined that the services were not supported by the documentation and were not covered under the Plan.

15.     In or about December 2019 and February 2020, Decedent's agents and/or representatives submitted additional information in support of his claims.

16.     Cigna conducted a clinical review of the information submitted, and determined that its initial audit findings remained unchanged.  Cigna provided its findings to Decedent's counsel on August 24, 2020.

17.     Cigna did not receive any response to its August 24, 2020 findings until more than a year later, on December 14, 2021.

18.     Decedent's agents and/or representatives submitted additional information to Cigna on or about April 7, 2022.

19.     Cigna completed a clinical review of the information submitted, the third such clinical review conducted by Cigna, and determined that the services were exclusively for custodial

care and/or assistance with daily activity, and not for skilled nursing. As such, the services pro-vided were not covered services under the Plan.

20.     To date, Decedent and/or his Estate have failed and refused to repay Cigna.

## COUNTERCLAIMS

### Recoupment of Overpayments Under 29 U.S.C. § 1132(a)(3)

21.     Cigna incorporates the allegations set forth in the preceding paragraph of the Coun-terclaims.

22.     The Plan does not provide coverage for services that are not medically necessary.

23.     Cigna, acting as a fiduciary of the Plan, which is an ERISA-governed plan that it insures and administers, seeks, pursuant to rights created under the Plan terms, to enforce the terms of the Plan and recover identified overpayment amounts made by the Plan to Decedent and/or his providers.

24.     The Plan gives Cigna the right at any time to recover overpayments from the person to whom or on whose behalf it was made, or to offset the amount of that overpayment from a future claim payment.

25.     Cigna was induced to make the payments to Decedent and/or his providers by means of incorrect, unsupported information submitted by Decedent and/or by Decedent's agents on his behalf.  As to such payments, there exists an equitable right of recovery on behalf of the Plan.  Such claims involve specific payment amounts that Decedent and/or his providers received and as to which he had no right to possess.

26.     The claims identified by Cigna as being overpaid were not for medically necessary or covered services pursuant to the terms of the Plan.

27.     Decedent and/or the Estate has no right to reimbursement, payment, or other con-sideration from Cigna and/or the Plan, for the claims identified by Cigna has having been overpaid.

28.     As a result of the incorrect, unsupported claims submitted by Decedent and/or Decedent's agents on his behalf, Decedent and/or his providers received from Cigna payment of Plan assets in an amount to be determined at trial, but not less than $357,683.98.

29.     The Plan assets belong in good conscience to Cigna and/or the Plan because, as a result of Decedent's incorrect, unsupported claims, no reimbursement was due to him or his providers under the terms of the Plan.

30.     It would be unfair and unjust for Decedent's Estate to retain the benefit of such Plan assets, which were not due under the terms of Plan.

31.     An equitable lien by agreement exists in accordance with the Plan provisions governing recoupment of overpayments.

32.     Decedent's Estate is obligated, based on principles of unjust enrichment, restitution and disgorgement, as well as the Plan's overpayment provisions, to return to Cigna, as agent for the Plan it administers, the identified claim payments Decedent and/or his providers received for the services billed under the Plan, as identified by Cigna.

## <u>PRAYER FOR RELIEF</u>

Based on the foregoing, Cigna prays that the Court enter a judgment awarding the following:

A.     recoupment of all monies paid to Decedent and/or his providers on claims for reimbursement submitted to Cigna as identified in Cigna's letter to Decedent of November 9, 2018;

B.     pre-judgment and post-judgment interest;

C.     reasonable attorneys' fees incurred;

D.     costs of court; and

E.     such other and further relief to which Cigna may be entitled in law or equity.

17

ROBINSON & COLE LLP

By:   */s/ Patrick W. Begos*
      Patrick W. Begos
      1055 Washington Boulevard
      Stamford, CT  06901
      Tel.: (203) 462-7500
      E-mail: pbegos@rc.com

      Katherine M. Katchen
      1650 Market Street, Suite 3030
      Philadelphia, PA 19103
      Tel.: (215) 398-0557
      E-mail: kkatchen@rc.com

      *Attorneys for Cigna Health and Life Insurance*
      *Company*