UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

Estate of Charles T. "Chuck" Close,

    Plaintiff,

v.

Cigna Health & Life Insurance Corporation,

    Defendant.

Case No. 1:22-cv-07449 (RA)
Hon. Ronnie Abrams

# PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM

i

**TABLE OF CONTENTS**

TABLE OF CONTENTS..................................................................................................................ii

TABLE OF AUTHORITIES ..........................................................................................................iii

I.     INTRODUCTION ............................................................................................................. 1

II.    LEGAL STANDARD........................................................................................................ 2

III.   BACKGROUND FACTS.................................................................................................. 2

IV.    ARGUMENT..................................................................................................................... 4

       A.    Cigna's Counterclaim is Barred by the Statute of Limitations and
             Should Be Dismissed Under Rule 12(b)(6) ........................................................... 4

       B.    Cigna's Counterclaim for 'Recoupment' Fails to State a Claim
             and Should Be Dismissed Under Rule 12(b)(6) .................................................... 5

       C.    Cigna Has Failed to State a Claim for Unjust Enrichment Upon
             Which Relief Can Be Granted and Should Be Dismissed Under
             Rule 12(b)(6).......................................................................................................... 7

       D.    Cigna's Counterclaim Does Not Seek Appropriate Equitable
             Relief...................................................................................................................... 7

       E.    Cigna's Counterclaim Seeks to Circumvent ERISA and Plan
             Requirements ......................................................................................................... 8

       F.    Lack of Subject Matter Jurisdiction Arising from the Probate
             Exception to Federal Jurisdiction ........................................................................ 10

V.     CONCLUSION................................................................................................................ 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*ACE Sec. Corp. v. DB Structured Prod., Inc.*,
  25 N.Y.3d 581, 36 N.E.3d 623 (2015)..................................................................................5

*Ashcroft v. Iqbal*,
  555 U.S. 662 (2009)..............................................................................................................2

*Beautiful Home Textiles (USA), Inc. v. Burlington Coat Factory Warehouse Corp.*,
  2013 WL 3835191 (S.D.N.Y. July 25, 2013) .......................................................................2

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)..............................................................................................................2

*Celentano v. Furer*,
  602 F.Supp. 777 (S.D.N.Y. 1985) ......................................................................................10

*Chambers v. Time Warner, Inc.*,
  282 F.3d 147 (2d Cir. 2002)..................................................................................................2

*Cognetta v. Bonavita*,
  330 F. Supp. 3d 797 (E.D.N.Y. 2018) ..................................................................................8

*In re Delta Air Lines*,
  359 B.R. 454 (Bankr. S.D.N.Y. 2006)..................................................................................6

*In re DPH Holdings Corp.*,
  468 B.R. 603 (S.D.N.Y. 2012)..............................................................................................6

*In re Drexel Burnham Lambert Grp. Inc.*,
  113 B.R. 830 (Bankr. S.D.N.Y. 1990)..................................................................................5

*Eastman Kodak Co. v. STWB, Inc.*,
  452 F.3d 215 (2d Cir. 2006)................................................................................................10

*Famous Horse Inc. v. 5th Ave. Photo Inc.*,
  624 F.3d 106 (2d Cir. 2010)..................................................................................................2

*Giardina v. Fontana*,
  733 F.2d 1047 (2d Cir. 1984)..............................................................................................10

*Great–W. Life & Annuity Ins. Co. v. Knudson*,
  534 U.S. 204 (2002)..............................................................................................................7

*Harris v. City of N.Y.*,
  186 F.3d 243 (2d Cir.1999)...................................................................................................4

*In re Malinowski*,
    156 F.3d 131 (2d Cir. 1998) ................................................................................................ 6

*Mibab v. Schlein*,
    1997 WL 328073 (S.D.N.Y. June 16, 1997) ..................................................................... 10

*Montanile v. Bd. of Trustees of Nat. Elevator Indus. Health Benefit Plan*,
    577 U.S. 136 (2016) ................................................................................................ 7, 8, 10

*N. Star Steel Co. v. Thomas*,
    515 U.S. 29 (1995) ............................................................................................................. 4

*Nicholls v. Prudential Ins. Co. of Am.*,
    406 F.3d 98 (2d Cir. 2005) ................................................................................................ 9

*Premier Health Ctr., P.C. v. UnitedHealth Grp.*,
    292 F.R.D. 204 (D.N.J. 2013) ........................................................................................... 9

*Ricciuti v. N.Y.C. Transit Auth.*,
    941 F.2d 119 (2d Cir. 1991) .............................................................................................. 4

*US Airways, Inc. v. McCutchen*,
    569 U.S. 88 (2013) ........................................................................................................ 5, 7

**Statutes**

29 U.S.C. § 1113 ....................................................................................................................... 4

29 U.S.C. § 1133 ....................................................................................................................... 8

29 U.S.C. § 1133(1) .................................................................................................................. 8

ERISA § 3(1), 29 U.S.C. § 1002(1) .......................................................................................... 1

ERISA § 3(7), 29 U.S.C. § 1002(7) .......................................................................................... 1

ERISA § 3(16), 29 U.S.C. § 1002(16) ...................................................................................... 1

ERISA § 502(a)(1)(B) ............................................................................................................... 1

ERISA § 502(a)(3) ............................................................................................................ 4, 7, 8

NY CPLR § 213(2) ................................................................................................................... 5

N.Y. Gen. Oblig. Law § 17-103 ............................................................................................... 5

**Other Authorities**

29 C.F.R. § 2560.503-1 ................................................................................................................9

29 C.F.R. § 2560.503-1(f)(iii)(B) ...............................................................................................10

29 C.F.R. § 2560.503-1(g)(1) .................................................................................................3, 9

29 C.F.R. §2560.503-1(h) ............................................................................................................9

Fed. R. Civ. P. 12(b)(6) .................................................................................................2, 4, 5, 7

## I.       **INTRODUCTION**

Cigna's counterclaim in this matter is meritless, should be dismissed with prejudice, and is no more than legal gamesmanship in an attempt to avoid the amount owed to the Plaintiff/counter-defendants. At all times relevant, Charles T. 'Chuck' Close ("Close") was a participant, as defined by ERISA § 3(7), 29 U.S.C. § 1002(7), in an ERISA-governed group health plan, The Pace Gallery LLC plan (the "Plan"). The Plan is an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1) sponsored by Close's former employer, The Pace Gallery, LLC ("Pace") and the Defendant/counter-Plaintiff was the plan administrator responsible for benefits determinations and appeals, as defined by ERISA § 3(16), 29 U.S.C. § 1002(16). On August 19, 2021, Close passed away, and Close's daughters, Dr. Georgia Close and Ms. Maggie Close, Plaintiff/counter-Defendants, are co-executrices of his estate.

The claims brought by Plaintiff/counter-Defendants in their complaint are brought pursuant to ERISA § 502(a)(1)(B) for unpaid healthcare claims that Cigna wrongfully denied in the last few years of Close's life. Close passed away in 2021. Cigna's counterclaim does not relate to the claims that Plaintiff/counter-Defendants are suing over; instead, Cigna is attempting through legal gamesmanship to avoid its responsibilities and duties under ERISA with the assertion of a counterclaim that is unsupported by law or fact and brought well after any applicable statute of limitations has already run. Cigna's counterclaim is directed to payments made to Mr. Close for healthcare claims made prior to those that are the subject of Plaintiff/counter-Defendants claims under prior plan documents. For the reasons set forth in the following sections, Cigna's counterclaim should be dismissed with prejudice.

1

**II.     LEGAL STANDARD**

Rule 12(b) of the Federal Rules of Civil Procedure provides that a party may move to dismiss a claim against it based on the claimant's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss a counterclaim for failure to state a claim upon which relief can be granted, the court must accept all well-pleaded facts in the counterclaim as true. *See, e.g. Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010). A motion to dismiss a counterclaim is evaluated under the same standard as a motion to dismiss a complaint. *See Beautiful Home Textiles (USA), Inc. v. Burlington Coat Factory Warehouse Corp.*, 2013 WL 3835191, at *1 (S.D.N.Y. July 25, 2013). The U.S. Supreme Court has held that "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 555 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). A counterclaim must be dismissed if the counterclaimant fails to allege a plausible entitlement to relief. *Twombly*, 550 U.S. at 559.

For purposes of a motion to dismiss under Rule 12, "the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference. Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint "relies heavily upon its terms and effect," which renders the document "integral" to the complaint." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002) (internal citations omitted for clarity).

**III.    BACKGROUND FACTS**

Charles T. 'Chuck' Close is a pre-eminent, American artist whose work is displayed internationally and held in such collections as The Museum of Modern Art in New York, the National Gallery of Art in Washington, D.C., and the J. Paul Getty Museum in Los Angeles. In

2

1988, he suffered a sudden rupture of a spinal artery, which left him almost entirely paralyzed. While he eventually regained partial use of his limbs and continued to paint with a brush taped to his wrist, he remained confined to a wheelchair for the remainder of his life. As part of his condition, Close was plagued by medical issues, including quadriplegia, neurogenic bowel and bladder, esophageal reflux, congestive heart failure, atrial fibrillation, colon cancer resection, and chronic bronchitis. Because of these medical conditions, Close required numerous, daily, medications, treatments, and therapies. As the Administrator of the Plan, Cigna was intimately aware of all of Close's medical conditions and needs for ongoing care. After a celebrated career, Mr. Close passed away on August 19, 2021.

Taking the facts asserted in Cigna's counterclaim as true for the purposes of this motion, Cigna was the administrator at all relevant times for The Pace Gallery LLC Open Access Plus Medical Benefits Plan (the "Plan"), a fully insured healthcare benefits plan subject to ERISA (¶¶1-2). Cigna asserts that it conducted a "post payment review" of "approximately 1,000 claim lines" in 2017 and that the review was conducted by its Special Investigations Unit ("SIU") (¶¶4-6). Cigna alleges that "[o]n or about November 9, 2018, Cigna notified Decedent that he had been improperly over-reimbursed for services that did not qualify for reimbursement pursuant to the Plan, in the amount of $357,683.98" (¶11). Cigna does not allege that it brought an action pursuant to ERISA or otherwise seeking repayment of the "over-reimbursed" services at any time prior to filing of their counterclaim in this litigation or that an adverse benefits determination in compliance with the ERISA Procedures Regulations, 29 C.F.R. § 2560.503-1(g)(1); 29 U.S.C. § 1133(1), was ever sent to Mr. Close. Instead, Cigna alleges that is "placed a flag" on Mr. Close's Cigna ID number (¶12) at or around this same time.

Further, the payment amount, $357,683.98 alleged in the counterclaim (¶11), was paid by Cigna as Direct Member Reimbursement ("DMR") for claims with dates of service between May 31, 2014 and September 25, 2016.

## IV. ARGUMENT

Taking Cigna's allegations in its counterclaim as true for purposes of this motion, Cigna's ERISA § 502(a)(3) counterclaim for 'recoupment' should be dismissed by this Court in its entirety, with prejudice and without leave to amend. It is appropriate to deny leave to amend when the deficiencies cannot be cured by amendment and any amendment would be futile. *See, e.g.*, *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991).

### A. Cigna's Counterclaim is Barred by the Statute of Limitations and Should Be Dismissed Under Rule 12(b)(6)

Cigna's counterclaim is barred by the statute of limitations and should be dismissed on that basis under Rule 12(b)(6). It is appropriate to grant a motion to dismiss on the grounds of statute of limitations when the pleading, on its face, "clearly shows the claim is out of time." *Harris v. City of N.Y.*, 186 F.3d 243, 250 (2d Cir.1999). As shown below, Cigna's pleading, on its face, shows its counterclaim is barred on ground of statute of limitations. In determining the applicable statute of limitations, except for claims for breaches of fiduciary duty, ERISA contains no provisions regarding the applicable statute of limitations. *See* 29 U.S.C. § 1113. Cigna's counterclaim does not fall into this category and therefore 29 U.S.C. § 1113 does not apply. Instead, the applicable statute of limitations is determined by the state law statute of limitations for the cause of action most analogous to the federal claim being asserted. *See, e.g.*, *N. Star Steel Co. v. Thomas*, 515 U.S. 29, 33 (1995). Cigna also claims that its claim is based on the Plan, a written contract. As stated by the Supreme Court, "in an action brought under § 502(a)(3) based on an equitable lien by agreement, the terms of the ERISA plan govern. Neither

4

general principles of unjust enrichment nor specific doctrines reflecting those principles… can override the applicable contract." *US Airways, Inc. v. McCutchen*, 569 U.S. 88, 106 (2013). NY CPLR § 213(2) provides a six-year statute of limitations on written contract and, further, "New York does not apply the "discovery" rule to statutes of limitations in contract actions." *ACE Sec. Corp. v. DB Structured Prod., Inc.*, 25 N.Y.3d 581, 594, 36 N.E.3d 623, 628 (2015). Nor has there been any waiver of the statute of limitations under N.Y. Gen. Oblig. Law § 17-103. Cigna's allegation that "The Plan gives Cigna the right at any time to recover overpayments from the person to whom or on whose behalf it was made, or to offset the amount of that overpayment from a future claim payment" (¶24), refers to a contract, the Plan, entered into prior to any payments, is also indefinite. Each on its own is sufficient to render this provision unenforceable. *See Xerox State & Loc. Sols., Inc. v. Xchanging Sols. (USA)*, Inc., 216 F. Supp. 3d 355, 361 (S.D.N.Y. 2016). Thus, all claims whose payment determinations were made prior to March 1, 2017 are barred from any equitable actions under the statute of limitations (applying the six-year statute of limitations to Cigna's counterclaim's filing date of February 28, 2023).

      B.     <u>Cigna's Counterclaim for 'Recoupment' Fails to State a Claim and Should Be Dismissed Under Rule 12(b)(6)</u>

Cigna has not stated a claim for 'recoupment' for which relief can be granted and should be dismissed pursuant to Rule 12(b)(6). Recoupment originates from the common law where it was "purely defensive in character and could be used only to defeat or diminish plaintiff's recovery; recoupment could not be the basis for affirmative relief." *In re Drexel Burnham Lambert Grp. Inc.*, 113 B.R. 830, 854 (Bankr. S.D.N.Y. 1990) (internal citations omitted). Further, "[r]ecoupment is in the nature of a defense, the purpose of which is to do justice viewing one transaction as a whole… Accordingly, "recoupment is purely defensive, or in the nature of a

5

common law defense, and not a separate cause of action or weapon of offense." *In re DPH Holdings Corp.*, 468 B.R. 603, 618 (S.D.N.Y. 2012) (internal citations and quotations omitted for clarity).

Here, Cigna is seeking affirmative relief in its counterclaim. Cigna alleges that "[o]n or about November 9, 2018, Cigna notified Decedent that he had been improperly over-reimbursed for services that did not qualify for reimbursement pursuant to the Plan, in the amount of $357,683.98" (¶11) and in that same letter Cigna demanded that Mr. Close send payment in that amount to Cigna for those same, paid claims (*see* Exhibit "3" specifically requesting that payment be sent to Cigna). In addition to seeking affirmative relief that is not available under the doctrine of recoupment, the claims for which Cigna asserts recoupment do not arise from the same transaction or occurrence as the claims alleged in Plaintiff's complaint.

In recoupment, the claim and counterclaim must both arise out of the same transaction or occurrence. The Second Circuit requires more than a 'mere logical relationship' for recoupment. *See In re Delta Air Lines*, 359 B.R. 454, 467 (Bankr. S.D.N.Y. 2006). It has held that separate claims transacted as discrete and independent units under the same insurance contract are not eligible for recoupment. *In re Malinowski*, 156 F.3d 131, 135 (2d Cir. 1998). Cigna's allegation that "Decedent and/or the Estate has no right to reimbursement, payment, or other consideration from Cigna and/or the Plan, for the claims identified by Cigna has [*sic*] having been overpaid" (¶27), acknowledges that the claims that comprise Cigna's counterclaim are separate and distinct from those that form the basis of Plaintiff's complaint. Because the claims Cigna seeks to recoup are distinct and separate from those of Plaintiff's complaint, they are not eligible for recoupment, and Cigna's counterclaim for recoupment should be dismissed.

C.  Cigna Has Failed to State a Claim for Unjust Enrichment Upon Which Relief Can Be Granted and Should Be Dismissed Under Rule 12(b)(6)

Even though Cigna identifies its counterclaim as one for recoupment, it also alleges that its counterclaim seeks recovery under "unjust enrichment, restitution and disgorgement" (¶32). As stated by the Supreme Court, "in an action brought under § 502(a)(3) based on an equitable lien by agreement, the terms of the ERISA plan govern. Neither general principles of unjust enrichment nor specific doctrines reflecting those principles… can override the applicable contract." *US Airways, Inc. v. McCutchen*, 569 U.S. 88, 106 (2013). Cigna's counterclaim alleges, "An equitable lien by agreement exists in accordance with the Plan provisions governing recoupment of overpayments" (¶31). As such, Cigna has no basis and cannot assert counterclaims for "unjust enrichment, restitution, and disgorgement."

D.  Cigna's Counterclaim Does Not Seek Appropriate Equitable Relief

ERISA § 502(a)(3) does not permit claims for legal relief. *See Great–W. Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 209–10 (2002) (noting that "Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly"). Whether relief "is legal or equitable depends on 'the basis for [the plaintiff's] claim' and the nature of the underlying remedies sought." *Id.* at 213. As stated by the Supreme Court, "[w]e have long rejected the argument that "equitable relief" under § 502(a)(3) means whatever relief a court of equity is empowered to provide in the particular case at issue, including ancillary legal remedies." *Montanile v. Bd. of Trustees of Nat. Elevator Indus. Health Benefit Plan*, 577 U.S. 136, 147 (2016) (internal citations omitted). A fiduciary seeking restitution of overpayments under § 502(a)(3) must demonstrate that the relief sought is equitable rather than legal. See *Great-W. Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 212–13 (2002). Further, equitable relief for

7

restitution is only available when the *res* being sought is able to be identified with particularity and the Second Circuit has held that in the case of specific funds, the funds must be segregated and that it was insufficient to merely identify the bank account where they were deposited. *See Nechis v. Oxford Health Plans*, Inc., 421 F.3d 96, 104 (2d Cir. 2005). "[L]egal remedies—even legal remedies that a court of equity could sometimes award—are not "equitable relief" under § 502(a)(3)." *Montanile v. Bd. of Trustees of Nat. Elevator Indus. Health Benefit Plan*, 577 U.S. 136, 149 (2016).

As emphasized by a sister court, it is important to determine whether the *remedy* sought is equitable in addition to whether the basis of the claim itself is equitable. *Cognetta v. Bonavita*, 330 F. Supp. 3d 797, 808 (E.D.N.Y. 2018). Beyond *Sereboff* and *Montanile*, not only has Cigna waited five years, but Mr. Close can no longer be in possession of *any* funds as Mr. Close himself has ceased to be. Mr. Close's death is both undisputed and within the four corners of the pleading. Thus, Mr. Close is no longer in possession of a clearly identified or identifiable fund potentially subject to restitution or an equitable lien. As stated by the Supreme Court, "*all* types of equitable liens must be enforced against a specifically identified fund in the defendant's possession… plaintiffs seeking an equitable lien by agreement … must still identify a specific fund in the defendant's possession to enforce the lien." *Montanile v. Bd. of Trustees of Nat. Elevator Indus. Health Benefit Plan*, 577 U.S. 136, 146–47 (2016) (italics in original).

E.   <u>Cigna's Counterclaim Seeks to Circumvent ERISA and Plan Requirements</u>

ERISA requires each plan to guarantee "full and fair review" of denied benefit claims and to ensure that beneficiaries and participants receive "adequate notice" of each plan's claim review process. 29 U.S.C. § 1133. Consistent with the statutory provision, the regulations require ERISA plans to provide specific procedures when the fiduciary renders an "adverse benefit

8

determination." 29 C.F.R. § 2560.503-1; for example, the plan must provide an appeals procedure whenever it makes an "adverse benefit determination." *Id*. Cigna's conduct alleged in their counterclaim fails to follow these requirements.

Courts have recognized that efforts to recover previously paid benefits by recoupment or offset are adverse benefit determinations and are required to comply with ERISA's administrative procedures. *See Premier Health Ctr., P.C. v. UnitedHealth Grp.*, 292 F.R.D. 204, 223 (D.N.J. 2013) ("the administrative procedure by which an insurer attempts to recoup overpayments based on what it believes to be fraudulent activity must allow the provider the opportunity to challenge that determination in accordance with ERISA procedures, lest the determination be accepted at face value.").

Pursuant to the Claims Regulation, 29 C.F.R. § 2560.503-1, within 30 days of receiving a claim, the plan or claim administrator of a group health plan must either pay the claim, deny the claim, or request information or a 15-day extension of time. *Id*., § 2560.503-1. If the claim is denied, there are various requirements that the reasons for the claim decision be specific, including, by way of example, that there be an explanation of the "scientific or clinical judgment" for denials based upon an alleged lack of medical necessity or based upon an assertion of an exclusion as to an experimental or investigational treatment or test. Id., § 2560.503-1(g)(1). Any claim denial or assertion of a legal defense, in order to preserve the rights of the plan administrator, claim administrator, the plan, or its sponsor, must be asserted within the confines of this strict regulatory framework. *Id*., § 2560.503-1(f)(2)(B).

Federal courts require strict compliance with the Claims Regulation. *See, e.g., Nicholls v. Prudential Ins. Co. of Am.*, 406 F.3d 98, 101 (2d Cir. 2005) (holding "[t]hat the plain language of 29 C.F.R. §2560.503-1(h) precludes the judicial creation of a "substantial compliance"

doctrine"); *see also Eastman Kodak Co. v. STWB, Inc.*, 452 F.3d 215, 223 (2d Cir. 2006) (this Court's requirement of strict adherence to the Regulations is "uncompromising"). If Cigna had any concerns regarding the claims at issue in its counterclaim, it was required to address them promptly, *i.e.*, within 30 days of receiving the claims. 29 C.F.R. § 2560.503-1(f)(iii)(B). It did not do so, has not alleged that it has done so, and is therefore precluded from asserting its counterclaim.

      F.      <u>Lack of Subject Matter Jurisdiction Arising from the Probate Exception to Federal Jurisdiction</u>

"The Second Circuit has recognized that an action to impose a constructive trust or for an accounting with respect to property subject to pending probate proceedings is barred by the probate exception. *Giardina v. Fontana*, 733 F.2d 1047, 1050–51 (2d Cir. 1984); *see also*, *Celentano v. Furer*, 602 F.Supp. 777, 781 (S.D.N.Y. 1985)" *Mibab v. Schlein*, 1997 WL 328073, at *4 (S.D.N.Y. June 16, 1997) ("plaintiffs seek a constructive trust and equitable lien over Rena Schlein's assets. To the extent these assets are subject to the pending probate proceeding, the probate exception would bar this type of relief."). The Supreme Court was clear in *Montanile* that an equitable lien is a form of a constructive trust. As such, Cigna does not have standing to pursue its counterclaim in this Court.

**V.**    **CONCLUSION**

For the reasons set forth above, Cigna's counterclaim should be dismissed in its entirety with prejudice.

10

Respectfully submitted,

ARNALL GOLDEN GREGORY LLP

By: <u>*/s/ Aaron R. Modiano*</u>
    Jeffrey S. Jacobovitz
    Matthew M. Lavin
    Aaron R. Modiano
    Attorneys for Plaintiff
    2100 Pennsylvania Ave. NW, Suite 350S
    Washington, DC 20037
    202.677.4030

DATED:  April 20, 2023

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of April, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically transmit notice and service copies to all counsel of record.

>        */s/ Aaron R. Modiano*
> Aaron R. Modiano